UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLORDELIZA A. HAWKINS,

  Plaintiff,

v.

CLAIMS ADMINISTRATOR OF THE
SETTLEMENT FACILITY, et al.,

  Defendants.

_____/

Case No. J:21-cv-10764

HON. DENISE PAGE HOOD

## ORDER DENYING NOTICE/REQUEST TO RESPOND TO JUDGMENT

This matter is before the Court on Plaintiff Flordeliza A. Hawkins' Notice/Request to Respond to the Judgment dismissing the action filed on March 23, 2022. (ECF No. 55)

On October 19, 2021, the Court entered a Judgment and Order Granting Motions to Dismiss filed by Defendants and Dismissing Plaintiff's Complaint. (ECF Nos. 46 and 45)  Plaintiff filed a Notice of Appeal on January 4, 2022. (ECF No. 47) On February 10, 2022, The Sixth Circuit Court of Appeals dismissed Plaintiff's appeal because the failure to file a timely notice of appeal deprived the Sixth Circuit of jurisdiction. (ECF No. 50)  The Sixth Circuit stated that compliance with the statutory deadline is a jurisdictional prerequisite that may not be waived. *Id*. The

statutory provisions permitting the district court to extend or reopen the time to file a notice appeal do not apply. *Id.*

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds that Plaintiff's Notice/Request merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. The Court ruled in its October 19, 2021 Order that it has no authority to review the decisions made by the Settlement Facility Dow Corning Trust and Plaintiff failed to state a 42 U.S.C. § 1983 claim against Defendants. Plaintiff cannot show that the Court clearly erred in dismissing Plaintiff's Complaint.

Accordingly,

IT IS ORDERED that Plaintiff's Notice/Request to Respond to the Judgment dismissing the action against Defendants **(ECF No. 55)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees on Appeal **(ECF No. 48)** is DENIED as MOOT since the Court of Appeals will not review Plaintiff's Appeal and because the Court previously found that any appeal would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6thCir. 1997)(overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

IT IS FURTHER ORDERED that as to any appeal of this instant order, the Court continues to find that any such appeal is also frivolous and would not be taken in good faith.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED: April 8, 2022